UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELITA JALICIC METER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NANCY A. BERRYHILL[1], *Acting Commissioner of Social Security*,<br><br>　　　　Defendant. | Case No. SA CV 16-1267 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

Melita Jalicic Meter ("Plaintiff") challenges the Social Security Commissioner's decision denying her applications for disability benefits. Two issues are presented for decision here:

　　1.　　Whether the Administrative Law Judge ("ALJ") properly assessed a physician's opinion (*see* Joint Stipulation ("Joint Stip.") at 5-9, 13-14); and

　　2.　　Whether the ALJ properly assessed Plaintiff's credibility (*id.* at 5, 14-19, 23-24).

The Court addresses Plaintiff's contentions below, and finds that reversal is not

---

[1] The Court **DIRECTS** the Clerk of Court to update the case caption to reflect Nancy A. Berryhill as the proper Defendant. *See* Fed. R. Civ. P. 25(d).

warranted.

    A.  The ALJ Provided Specific and Legitimate Reasons for Assigning Less
        Weight to Dr. Grumet's Opinion

Plaintiff contends that the ALJ improperly assessed the opinion of Dr. Robert C. Grumet.[2] (Joint Stip. at 5-9, 13-14.)

As a rule, if an ALJ wishes to disregard the opinion of a treating or examining physician, "he or she must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983); *accord Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008).

Here, the ALJ properly assigned only "some weight" to Dr. Grumet's opinion for three reasons.

First, Dr. Grumet's opinion was inconsistent with his own objective examination findings. (AR at 48, 982); *Wilhelm v. Comm'r Soc. Sec. Admin.*, 597 F. App'x 425, 425 (9th Cir. 2015) (ALJ properly rejected doctor's opinion because it contradicted her own notes); *Zettelmier v. Astrue*, 387 F. App'x 729, 731-32 (9th Cir. 2010) (internal inconsistency within doctor's own opinion provided proper basis to discredit it). Specifically, Dr. Grumet reported that, other than right-leg weakness, he was "unable to find any significant findings of disability which would limit [Plaintiff's] functions or activities of daily living." (*Id.* at 982.)

Second, in light of the lack of objective findings of disability in his own report, the ALJ reasonably concluded that Dr. Grumet generously considered Plaintiff's subjective allegations, which were properly discounted as discussed below. (AR at 48-49, 983 (Dr. Grumet's notation that, while Plaintiff had objective weakness, he was

---

[2]  Dr. Grumet declared Plaintiff "permanent and stationary" in connection with a workers' compensation evaluation. (AR at 982.) "Permanent and stationary" means that Plaintiff's "medical condition [had] reached the maximum medical improvement and [was] unlikely to change." *See Luna v. Colvin*, 2013 WL 3819436, at *3 n.4 (C.D. Cal. July 23, 2013); 8 Cal. Code Regs. § 10152. As part of this evaluation, he opined that that Plaintiff could not stand and walk for more than 15 minutes per hour. (*Id.* at 982.)

2

unable to fully quantify it due to Plaintiff's "significant guarding"); *see, e.g.*, *Calkins v. Astrue*, 384 F. App'x 613, 614 (9th Cir. 2010) (doctor appeared to rely to a significant extent on claimant's subjective reporting because it was unlikely opinion that could be based on relatively superficial testing); *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) ("[A]n opinion of disability premised to a large extent upon claimant's own accounts of his symptoms and limitations may be disregarded, once those complaints have been disregarded").

    Thus, the ALJ properly assessed Dr. Grumet's opinion.

    B.    <u>The ALJ Provided Clear and Convincing Reasons for Discounting Plaintiff's Credibility, and Any Error Was Harmless</u>

Plaintiff contends that the ALJ improperly assessed her credibility. (*See* Joint Stip. at 5, 14-19, 23-24.)

As a rule, an ALJ can reject a claimant's subjective complaints by "expressing clear and convincing reasons for doing so." *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines a claimant's complaints." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (citation and internal quotation marks omitted).

Here, the ALJ provided at least three valid reasons for finding Plaintiff only "partially credible."[3] (AR at 45, 49.)

First, Plaintiff's subjective complaints lacked objective medical support. (AR at 45-46, 49); *see Rollins v. Massanari*, 261 F.3d 853, 856-57 (9th Cir. 2001) (lack of objective evidence, when combined with other factors, is a valid reason for rejecting a claimant's testimony). For example: (1) in addition to Dr. Grumet's lack of significant objective findings of disability discussed above, he also found Plaintiff did not have

---

[3] The ALJ partially credited Plaintiff's subjective complaints, specifically giving her "the benefit of the doubt" about hip pain and ambulation difficulties, and assessing additional limitations that were incorporated into the residual functional capacity. (AR at 49.)

any evidence of neurological deficits; (2) an MRI revealed only mild degenerative changes; (3) physical examination by an orthopedic consultative examiner revealed full range of motion in Plaintiff's neck, normal gait, ambulation without an assistive device, and other normal findings. (*Id.* at 45-46, 339, 383-84, 470-74, 528, 530-31, 982.)

Second, Plaintiff continued to seek employment after the date she alleged she became disabled. (AR at 46, 50, 74, 76); *Lenhart v. Astrue*, 252 F. App'x 787, 789 (9th Cir. 2007) (ALJ reasonably determined claimant exaggerated symptoms in part because he applied for a job and collected unemployment benefits); *Copeland v. Bowen*, 861 F.2d 536, 542 (9th Cir. 1988) (ALJ properly discredited claimant's testimony in part because he held himself out as available for work).

Third, Plaintiff received conservative treatment, such as physical therapy, home exercises, and medication. (AR at 46-47, 49, 74, 980 (noting treatment resulted in "50% improvement in [Plaintiff's] symptoms"), 1121 (recommended treatment plan consisted of "continuation of conservative management for [Plaintiff]'s symptoms")); *see Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (ALJ properly rejected claimant's subjective complaints where medical records showed that she responded favorably to conservative treatment of physical therapy and medication).

The ALJ, however, erred by making a boilerplate finding that Plaintiff's symptom statements were "not credible to the extent they are inconsistent with the above residual functional capacity assessment." (AR at 46); *Laborin v. Berryhill*, 867 F.3d 1151, 1152-54 (9th Cir. 2017) (ALJ errs by issuing boilerplate statement discrediting testimony to the extent it was "inconsistent with the above residual functional capacity assessment").

Nonetheless, any such error is harmless in light of the other valid reasons for rejecting the testimony. *See Carmickle*, 533 F.3d at 1162 (when ALJ provides specific reasons for discounting claimant's credibility, decision may be upheld even if certain reasons were invalid as long as "remaining reasoning and ultimate credibility

determination" were supported by substantial evidence (emphasis omitted)); *Strutz v. Colvin*, 2015 WL 4727459, at *7 (D. Or. Aug. 10, 2015) (upholding credibility finding because ALJ provided at least one valid reason to discount claimant's testimony).

Thus, the ALJ's assessment of Plaintiff's credibility does not warrant reversal.

Based on the foregoing, **IT IS ORDERED THAT** judgment shall be entered **AFFIRMING** the decision of the Commissioner denying benefits.

DATED: January 12, 2018

_____
Hon. Jay C. Gandhi
United States Magistrate Judge

\*\*\*

**This Memorandum Opinion and Order is not intended for publication. Nor is it intended to be included or submitted to any online service such as Westlaw or Lexis.**

\*\*\*